## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

                                                      )

In Re APPLICATION OF  
TOMMIE H. TELFAIR,                    )           Index No. 10-2958 (GEB)  
also known as  
HASSAN GATLING,                     )           **O R D E R**  
                Petitioner.  
                                                      )

_____

IT APPEARING THAT:

1.    On October 15, 2010, this Court entered final judgment in this matter and withdrew its jurisdiction over this action. See Docket Entries Nos. 7 and 8 (the Court's order to that effect and accompanying opinion).

2.    On October 22, 2010, the Clerk received a five-page compilation consisting of five different documents executed by Telfair on September 17, 2010, and on September 25, 2010: the compilation was seemingly prepared by Telfair in anticipation of the Court's entry of its final judgment in this matter. See Docket Entry No. 10. Since the compilation appeared to be Telfair's notice of appeal from this Court's final judgment, the Clerk duly notified the United States Court of Appeals for the Third Circuit of the same and docketed Telfair's compilation accompanying such docket entry with the docket text reading,

> NOTICE OF APPEAL as to [the final judgment] by TOMMIE H. TELFAIR. USCA and counsel of record notified of appeal. IFP application submitted. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries.

<u>Id.</u>; <u>see</u> <u>also</u> Docket Entry No. 12 (application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>).

3. On the same day, that is, on October 22, 2010, the Clerk received another compilation from Telfair consisting of two parts: (a) part one, <u>see</u> Docket Entry No. 11, presenting a set of different documents, analogously executed by Telfair on September 17, 2010, and September 25, 2010; and (b) part two, <u>see</u> Docket Entry No. 11-1, titled "Appendix." Since the language used by Telfair in part one, <u>i.e.</u>, in Docket Entries Nos. 11 ans 11-1, suggested that this second compilation was intended to operate as Telfair's motion for leave to appeal, the Clerk docketed them accordingly, <u>i.e.</u>, being accompanied with the docket text reading "MOTION for Leave to Appeal by TOMMIE H. TELFAIR." <u>See</u> Docket, Docket Entry No. 11.

4. It appears, however, that Telfair's submissions docketed as Docket Entries Nos. 11 and 11-1 were intended as a continuation of Telfair's notice of appeal docketed as Docket Entry No. 10. <u>See</u> Docket Entry No. 10 (paginated by Telfair as pages 1 to 5); Docket Entry No. 11 (paginated by Telfair as pages 6 to 17). Therefore, Telfair's "motion" shall be construed as "Part II" of his notice of appeal. <u>Accord</u> <u>Schneller v. Crozer Chester Med. Ctr.</u>, 2010 U.S. App. LEXIS 14966 (3d Cir. Pa. July 20, 2010) (quoting Local Appellate Rule 3.4 providing that "[t]he court will deem an application for leave to appeal <u>in</u> <u>forma</u> <u>pauperis</u> . . . to be a notice of appeal if no formal notice has been filed").[1]

---

[1] To the degree Telfair's submission docketed as Docket Entry No. 11 was intended to operate as a motion, such motion is subject to dismissal, as moot, since no leave of court in required to appeal from final judgment, <u>see</u> Fed. R. App. P. 4(a)(1), or, alternatively, as duplicative, since Docket Entry No. 10 already presented Telfair's appellate application.

IT IS, therefore, on this ___1st___ day of _____November_____, 2010,

ORDERED that the Clerk shall make a new and separate entry on the docket reading "Docket Entries Nos. 11 and 11-1 shall be construed as part of Telfair's Notice of Appeal docketed as Docket Entry No. 10"; and it is further

ORDERED that the Clerk shall notify the Court of Appeals accordingly; and it is further

ORDERED that Telfair's application to proceed on appeal in forma pauperis is granted;[2] and it is further

ORDERED that, in the event any other document is received from Telfair in connection with this matter, the Clerk shall docket each such submission, accompanying each such docket entry with a notation reading, "PURSUANT TO THE STANDING LIMITED ORDER OF PRECLUSION, THIS ENTRY IS DEEMED STRICKEN FROM THE DOCKET FOR PRO SE LITIGANT'S FAILURE TO COMPLY WITH THE REQUIREMENTS SET FORTH IN THAT ORDER OF PRECLUSION. THE CONTENT OF THIS SUBMISSION WILL NOT BE CONSIDERED BY THE COURT"; and it is finally

---

[2] As the Court's opinion accompanying the Court's final judgment detailed, Telfair's filings made in this matter presented a mix of civil rights and habeas challenges packaged in an application striving to mimic a disciplinary grievance. See Docket Entry No. 7, at 24-37. The Court, thus: (a) expresses no opinion as to what filing fee shall be assessed against Telfair, see Hairston v. Gronolsky, 348 Fed. Appx. 716 (3rd Cir. 2009) (clarifying that, regardless of the litigant's willingness or unwillingness to be assessed the filing fee, the litigant's "legal obligation to pay the filing fee [is automatically] incurred by the initiation of the action itself") (citing Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999); but see Toolasprashad v. Grondolsky, 570 F. Supp. 2d 610, 637 n. 28 (D.N.J. 2008) (providing a detailed discussion about the differences associated with assessment of filing fee for the purposes of a civil action and a habeas action); and (b) leaves the assessment issue entirely to the discretion of the Court of Appeals. Cf. Hagan v. Rogers, 570 F.3d 146 (3d Cir. 2009) (determining the appropriate mode of assessing filing fee for the purposes of the actions filed at district-court and appellate levels).

ORDERED that the Clerk shall serve a copy of this Order upon Telfair by regular U.S. mail.

                                   s/ Garrett E. Brown, Jr.
                                   **Garrett E. Brown, Jr.**
                                   **Chief Judge**
                                   **United States District Court**