**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

```
                              :
TOMMIE H. TELFAIR,            :
                              :
          Plaintiff,          :          Civil Action No.
                              :           08-0731 (WJM)
     v.                       :
                              :
KAREN P. TANDY, et al.        :
                              :
          Defendants.         :          MEMORANDUM OPINION
                              :             AND ORDER
```

This matter comes before the Court upon Plaintiff's filing of a submission docketed in this action as Docket Entry No. 76, and it appearing that:

1.   Plaintiff's litigations in this District and before the Court of Appeals, the events that gave rise to those proceedings, as well as pertinent information with regard to criminal proceedings against a certain Catrina R. Gatling ("Gatling"), Plaintiff's former girlfriend to whom Plaintiff puzzlingly refers to as an "associated plaintiff" or "associated aggrieved," have been already detailed by this Court in its opinion ("June Opinion") docketed in this matter as Docket Entry No. 73, and were elaborated, in even greater detail, in the opinion ("Telfair-GEB Opinion") issued in Telfair et al. v. Office of the U.S. Attorney, Civ. Action No. 10-2958 (GEB) (D.N.J.), and docketed in that matter as docket entry no. 7.  Granted the magnitude of the information provided in Telfair-GEB Opinion and this Court's

June Opinion, another repeat of the same appears
unwarranted, and it shall suffice to state only that, while
litigating just a five of matters in this District,
Plaintiff deposited thousands of pages on the dockets of
these proceedings, filling these pages with nearly
incomprehensible lingo, creating documents unduly striving
to pass as official forms, and systemically repeating and
re-repeating the very same voluminous filings.  <u>See
generally</u>, June Opinion and <u>Telfair-GEB</u> Opinion (discussing
Plaintiff's litigation practices).

2.    For the purposes of the case at bar, this Court's order
      ("June Order"), issued in conjunction with this Court's June
      Opinion: (a) continued stay of Plaintiff's claims that had
      been stayed previously; (b) dismissed some of the then-
      outstanding claims with prejudice; and (c) noted two lines
      of claims that were subject to dismissal without prejudice.
      <u>See</u> Docket Entry No. 74.  This Court, therefore, directed
      Plaintiff to submit an amended complaint with regard to the
      claims dismissed without prejudice.  The June Opinion and
      June Order provided Plaintiff with a detail guidance as to
      the format of the amended complaint to be filed; in
      addition, the Court explained to Plaintiff the governing
      pleading standard and pertinent substantive tests.  <u>See
      generally</u>, July Opinion.

2

3.     This Court also took notice of the limited order of
preclusion entered against Plaintiff in <u>Telfair et al. v.</u>
<u>Office of the U.S. Attorney</u>, Civ. Action No. 10-2958 (GEB)
(D.N.J.), and docketed in both <u>Telfair et al. v. Office of</u>
<u>the U.S. Attorney</u>, Civ. Action No. 10-2958 (GEB) (D.N.J.),
and the instant matter.[1]  Since – being served with a copy
of <u>Telfair-GEB</u> Opinion – Plaintiff was already notified of
the precise terms of that limited preclusion order, this
Court: (a) adopted that limited order of preclusion as the
law of this case for the period of ninety days; and (b)
pursuant to the holding of <u>Hoffenberg v. Bumb</u>, 2011 U.S.
App. LEXIS 11741, at *14 (3d Cir. June 9, 2011), directed
Plaintiff to show cause as to why the terms of this limited
order of preclusion should be lifted or altered.  <u>See</u>
<u>Hoffenberg</u>, 2011 U.S. App. LEXIS 11741, at *14 (stating that
"[t]he District Court here gave notice to [an abusive <u>pro se</u>
litigant] that his failure to [file documents complying with
procedural requirements] would result in 'sanctions.'  But
the District Court did not afford notice of the *particular*
order that it intended to enter placing restrictions upon
[the litigant's] right to file [future submissions].  As a

_____

[1]  Since the instant matter presents both Plaintiff's first
and Plaintiff's sole still-pending civil rights action in this
District, Plaintiff's future civil matters, if any, are likely to
be assigned to this Court, pursuant to Local Rule 40.1(c).

3

result, [the litigant] did not have an opportunity to object [to the particular sanctions imposed] before the [preclusion] order was entered") (emphasis added). Moreover, this Court's June Opinion and June Order provided Plaintiff with detailed instructions as to the format and content of Plaintiff's written statement to be filed in response to the Court's order to show cause. See Docket Entries Nos. 73 and 74 (addressing the already-docketed Plaintiff's challenges to the preclusion order and specifying, inter alia, that Plaintiff's written statement shall not exceed ten pages, single-sided, double-spaced, that Plaintiff's objections shall be stated separately, clearly identifying which objections relate to the instant matter and which relate to Plaintiff's future civil actions, that Plaintiff shall not reiterate his objections based on Clerk's holiday schedule, Clerk's hours, incremental weather, Plaintiff's speculations about potential failures of this District's electronic filing system, and that Plaintiff's generic statements that he might lose the "momentum" of his actions or references to Gatling or to Gatling's child/children, or to Gatling's ability to commence suit shall be excluded from Plaintiff's written statement).  The Court's June Opinion and June Order were issued and entered on June 23, 2011, hence giving Plaintiff

4

until July 22 to file his amended complaint and his written
statement in response to the Court's order to show cause.

4.    On June 30, 2011, the Clerk received Plaintiff's submission
      at bar.[2] See Docket Entry No. 76. This submission includes:

      a.    A six-page document titled "NOTICE FOR EXTENSION OF
            TIME OR, IN THE ALTERNATIVE, REQUEST FOR CONTINUANCE IN
            WHICH TO FILE RESPONSE AND OBJECTIONS," reading,
            verbatim (and with footnotes replicated below), as
            follows:

                  To All Parties: PLEASE TAKE NOTICE that the
                  Plaintiff hereby, moves before the US.
                  District Court for leave, for an Extension of
                  Time and/or Continuance inter alia pursuant
                  to (Fed, R. Civ. P. 6(b) (1)).  the undersign
                  "move for leave" before the US. District
                  Court(s) for the third circuit, requesting
                  the Court to exercise its supervisory powers,
                  to accept this particular pleading(s) in
                  equity; in support of the Plaintiff Tommie H.

_____

[2] Chief Judge Garrett E. Brown, Jr. ("Judge Brown"),
presiding over Plaintiff's Telfair et al. v. Office of the U.S.
Attorney, Civ. Action No. 10-2958 (GEB) (D.N.J.), proceedings,
inventoried the submissions made in Plaintiff's criminal and
civil matters commenced in this District as of October 15, 2010.
See Telfair-GEB Opinion (conducting a detailed study of almost-
three-thousand pages of Plaintiff's submissions that consisted of
hard-to-comprehend, often repetitive filings frequently made in
violation of express judicial orders not to make such filings).
This Court's June Opinion supplemented Judge Brown's inventory of
Plaintiff's filings by detailing the content of those hundreds of
pages that were deposited by Plaintiff on the dockets of his
cases in this District since the entry of Judge Brown's Telfair-
GEB Opinion. See Docket Entry No. 73.  Since this Court's entry
of its June Opinion, Plaintiff filed additional submissions in
Telfair et al. v. Office of the U.S. Attorney, Civ. Action No.
10-2958 (GEB) (D.N.J.) (repeating Plaintiff's challenges already
addressed by this Court in its June Opinion and June Order).

Telfair, (Inter Alia) as a necessary
corollary to assert Plaintiff's procedural
and constitutional safeguard(s), and as a
legally cognizable right resulting from
manifest deprivation of right sustained
during adjacent legal matter(s) requiring
deviation from normal practices and
procedures in the furtherance of justice.
PLEASE TAKE FURTHER NOTICE that [t]his
foregoing moving matter(s) is in conjunction
to "any additional protest(s)" previously, or
presently before the U.S. District Court(s)
and/or U.S. Appellate Court(s), implying no
adverse affects to any other enumerating
moving matter(s), where this is the
Plaintiff's implementation of diligence, with
an aided attempt to maintain a record for the
protection of the Plaintiff's constitutional
and procedural rights, for verification,
judicial review, or judicial enforcement.
Relief Sought.  I, Tommie H. Telfair, the
undersigned hereby seeks an extension and/or
continuance of 120 days, or until
procedurally feasible, within which to
litigate or otherwise respond to the
foregoing matter(s).  During this extension,
Plaintiff wishes to reserve all of its
rights, including the right to move to for
Appellate Review, change of venue, and/or to
object to the jurisdiction of the court.
Grounds for Relief.  The extension is needed
to permit the Plaintiff time to complete its
investigative research and litigation during
parallel legal matter(s), or the accumulation
of information needed to safeguard the
Plaintiff's rights during [t]hese moving
matter(s), based on the fact(s) that the
Plaintiff lacks the legal training and is
learning the law during the process of each
stage in the hereafter litigation, and that
the Plaintiff's legal process have been
extremely scrutinized or sanctioned[3] without

---

[3]   [A] Court(s) following a policy of escalated sanctions
should avoid so gradual, discontinuous, or irregular an
escalation, so unpredictable a mixture of mercy and severity, as
to convey the impression that they will flinch at imposing the

being given the option to make corrections where needed, disregarding the prevailing facts that litigation from pro se individuals is to be construed liberally.[4] The Plaintiff's request is supported by the declaration, and that the relief sought-after is a matter of extreme unique-necessity; no previous extension has been granted or applied for in this matter.  Supporting Papers.  This motion is made on these documents, and on the Supporting declaration establishing the facts set out in this document(s), and on all of the pleadings and papers already on file in this and other adjacent legal matter(s). See Attachments herewith. Dated: 6/28/2011  Respectfully Submitted, /s/ Tommie H. Telfair Suj Juris In Propria Persona.   Extension of Time and/or Continuance is so Ordered.  IT IS ORDERED that Tommie H. Telfair herein Plaintiff is granted an additional [number, e.g., 120] days, up to and including [date of extension and/or continuance[5]], within which to answer

---

ultimate penalty of dismissal (inter alia). Considerations of fair play may dictate that courts steer clear of harshest sanctions where failure to comply is due to mere oversight and/or form, especially that of a Pro—Se litigant, amounting to no more than simple inadvertencies. See> Fundamental Fairness Doctrine and the violations thereof

[4] It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest. This policy of liberally construing pro se submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training. (Citing From) U.S. Ex. *Ret Walker vs. Fayette County*, PA, 599 F. 2d 573, 575 (3rd cir. 1979).

[5] In an example, Continuance: Appellant's argument for continuance is not sanctionable, although argument was weak, since part of appellant's submission was that, if continuance for discovery had been granted, more compelling case would have been presented, and since argument was not precluded by any existing

or otherwise litigate in this matter(s).
During this period, all of the rights of the
Plaintiff's are reserved, including all
abovementioned rights, and the right to
litigate by filing a motion to Reopen,
including motions to litigate regarding the
grounds that this court lacks jurisdiction.
Dated: 6/28/2011. Respectfully Submitted, /s/
Tommie H. Telfair Sui Juris In Propria
Persona. DECLARATION IN LIEU OF CERTIFICATION
I, the undersigned declare under penalty of
perjury pursuant to 28 U.S.C. §1746 that--
(1) I understand the foregoing to the best of
my ability in support of underlying
matter(s). (2) The statements made in these
pleading(s) are true and correct to the best
of my knowledge. (3) The foregoing have been
submitted in ("Good Faith") and not for delay
or harassment in conjunction to
contemporaneously filed [Prayer(s) for
Relief]. Dated this 28th, day of June, 2011
/s/ Tommie H. Telfair 35 Hackensack Avenue
Kearny, NJ. 07032 Tommie a Teffair, Sui Juris
In Propria Persona.  CERTIFICATE OF SERVICE I
hereby certify that on this 28th day of June
2011, I caused to be served by U.S. mail an
original copy, and additional copies of the
within Pleadings in the Underlying Matter(s)
upon the U.S. District Court, office of the
clerk, 50 Walnut Street Newark, NJ. 07102.
Respectfully Submitted, /s/ Tommie H.
Telfair, Sui Juris In Propria Persona Dated
this 28th day of June, 2011

---

precedent. In re Ronco, Inc. (1988, CA7 111) 838 F.2d 212, CCH
Bankr L Rptr 72185, 10 FR Serv 3d 463 In re Silvio Dohring, 245
B.R. 262, 265266 (N.D. Tex. 2000) (court would extend time for
complainant to secure another summons and properly effectuate
service, where there was no allegation that complainant was not
acting in good faith or had intentionally engaged in dilatory
tactics, where parties had entered into agreed order of
continuance, and where no prejudice to opposition was shown by
complainants prior ineffective service); Gottfried v. Frankel,
818 F.2d 485, 493 (6th Cir. 1987) (technical error in service of
process did not invalidate process when defendant was aware of
allegations, filed answer, and appeared in action).

Docket Entry No. 76, at 1-5 (**bolding removed; all footnotes included in the above given block quotation in original; all capitalization and lack thereof in original; all punctuation and lack thereof in original; italics and lack thereof in original; square and angled brackets, parenthetical marks and all other symbols in original**); and

b.   eight pages of attachments consisting of:

    i.   2-page order of the Supreme Court of New Jersey ("SCNJ"), entered seemingly in regard to Plaintiff's application for certification in Plaintiff's state legal malpractice action against the defense counsel.[6]  The order indicates that Plaintiff sought extension of time to move the SCNJ for certification and also sought in forma pauperis ("IFP") status.  The order states that Plaintiff was given until July 15, 2011, to file his application for certification, while

---

[6]  As Telfair-GEB Opinion and this Court's June Opinion detailed, Plaintiff filed disciplinary grievances against his and Gatling's prosecutors and defense attorneys and, in addition, initiated legal malpractice actions against the defense counsel initially hired by Plaintiff and the two CJA attorneys who, one by one, were appointed to represent Plaintiff in his criminal proceedings in this District and then dismissed by Plaintiff. (Plaintiff is now represented by his third CJA counsel.)  The SCNJ order attached to Plaintiff's instant submission appears to relate to Plaintiff's state suit against his second CJA counsel.

Plaintiff's IFP application was granted in part
and denied in part;[7]

ii.   Plaintiff's 2-page letter, addressed to the "Super
Court of New Jersey," requesting pre-printed forms
to file application for certification and
expressing Plaintiff's displeasure with lack of
assistance in his litigation endeavors;[8]

iii.   1-page letter from the Clerk of the Court of
Appeals informing Plaintiff that he may proceed
IFP in <u>Telfair et al. v. Office of US Attorney</u>,
USCA Civ. Action No. 10-4193 (3d Cir.);[9]

iv.   The first page of this Court's 30-page opinion
issued in the instant matter on October 20, 2008

---

[7]   The information provided in the SCNJ order has no
relevance whatsoever to this Court's inquiry in this matter: the
Court already explained and re-explained to Plaintiff in the
Court's prior opinions that Plaintiff's challenges against his
counsel are not viable claims for his failure to meet the color
of law requirement.  Moreover, the same explanation was also
provided to Plaintiff by Judge Brown in <u>Telfair-GEB</u> Opinion.

[8]   This Court has no understanding of why Plaintiff provided
the Court with a copy of this document.

[9]   This Court has no understanding of why Plaintiff provided
the Court with a copy of this document.  Indeed, the Court is
aware of Plaintiff's <u>Telfair et al. v. Office of US Attorney</u>,
USCA Civ. Action No. 10-4193 (3d Cir.), action because Plaintiff
filed identical documents in both this matter and his appellate
action, hence causing this Court to direct complimentary service
of its June Opinion and June Order on the Court of Appeals: since
the June Opinion and June Order had to addressed Plaintiff's
challenges stated in those identical, dual-filed, documents.

            (docketed in this matter as Docket Entry No.

            14);[10] and

    v.   2-page notice of electronic filing ("NEF")

            generated by the Clerk of this District upon entry

            of the June Order.[11]

Docket Entry No. 76.

5.   The submission at bar causes this Court great concern for a

    number of reasons.  Specifically:

    a.   Plaintiff's statement asserting that the submission at

         hand includes a "pleading" is facially false.  At most,

         the submission might qualify as an awkwardly

         paraphrased motion for extension of time to file

         Plaintiff's amended complaint; it does not, however,

         include any such amended complaint.

    b.   Plaintiff's assertion -- that he needs extension of

         time for "investigative research and litigation" of

         certain unspecified "parallel legal matter(s)" in order

         to submit his amended complaint in this action and/or

         his response to this Court's order to show cause --

---

[10]  This Court has no understanding of why Plaintiff provided the Court with a copy of this document: the Court is well aware of the content of all opinions it drafts and issues.

[11]  This Court has no understanding of why Plaintiff provided the Court with a copy of this document: this Court is well aware of its dockets and automatically receives all NEFs.

appears halfhearted at best.[12]  This Court's June
Opinion extensively detailed to Plaintiff the pleading
requirement, as clarified in Ashcroft v. Iqbal, 129 S.
Ct. 1937 (2009), explaining to Plaintiff that all what
he must plead is facts (i.e., the "who, what, when,
where, and how") in support of his "no-named-defendant"
claim that he was denied medical care and his "no-
wrongful-act-asserted" claims against officers Muhammad
and Does.  To assert such facts, Plaintiff needs no
"investigative research and litigation" of any
"parallel legal matter(s)": all he has to do is consult
his memory and allege his bona fide recollections of
the events underlying his claims.  Analogously,
Plaintiff's "investigative research and litigation" of
"parallel legal matter(s)" have no relevance to
Plaintiff's execution of his response to this Court's
order to show cause.  This is so because the limited
order of preclusion entered against Plaintiff merely
directed him to seek leave from this Court (with regard
to unauthorized filings desired to be made in this
matter) or from the Clerk of this District (in the

---

[12]  While this Memorandum Opinion and Order grants Plaintiff
a modest extension of time, such extension is granted out of
abundance of caution (rather than upon a finding of merit),
simply in light of the fact that the deadline of July 22, 2011,
set forth in the June Order, is nearing.

event Plaintiff wished to commence, in the *future*, a
non-emergent civil action, while proceeding <u>pro</u> <u>se</u> and
IFP),[13] and neither the instant matter nor Plaintiff's
future civil actions turn on – or relate in any way to
– Plaintiff's "parallel legal matter(s)" currently
pending.[14]  In other words, all Plaintiff has to do to
respond to this Court's order to show cause is to state
why he would be prejudiced if, prior to making an
unauthorized filing/commencing a non-emergent <u>pro</u> <u>se</u>,
IFP suit, Plaintiff is required to file a one-page
request to make such filings summarizing Plaintiff's
facts clearly and concisely and averring that Plaintiff
wishes to raise <u>bona</u> <u>fide</u> new challenges not
duplicating his prior submissions.[15]

---

[13]  Specifically, under the terms of the limited preclusion
order, Plaintiff was directed to file a one-page request
summarizing Plaintiff's facts clearly and concisely and averring
that Plaintiff wished to raise <u>bona</u> <u>fide</u> new challenges not
duplicating his prior submissions.

[14]  The only two Plaintiff's current "parallel legal
matter(s)" this Court is aware of are: (a) Plaintiff's criminal
proceedings before Judge Dennis M. Cavanaugh ("Judge Cavanaugh"),
which are at their post-conviction, <u>i.e.</u>, sentencing stage; and
(b) Plaintiff's appeal, in <u>Telfair et al. v. Office of US
Attorney</u>, USCA Civ. Action No. 10-4193 (3d Cir.), where Plaintiff
is challenging dismissal of his application styled to mimic – and
to pass for – an official ethics grievance form.

[15]  Such response does *not* require any legal research: this
Court is well aware of the relevant legal regime.  Rather,
Plaintiff has to detail his *relevant and actually existing*
(Rather than hypothetical) *personal circumstances*.  However,

    c.    Plaintiff's statement that "[d]uring this extension, Plaintiff wishes to reserve all of [his] rights, including the right to move to for [a]ppellate [r]eview, change of venue, and/or to object to the jurisdiction of the court" cannot be intelligently deciphered by this Court.  Specifically:

        i.    Plaintiff invoked this Court's jurisdiction by initiation of the instant matter.  Therefore, Plaintiff has no basis "to object to the jurisdiction of the court."  Simply put, if Plaintiff does not wish to have this Court to exercise jurisdiction over this matter, he need not "object" to anything: he may simply withdraw all his claims that were not, thus far, dismissed with prejudice, and such withdrawal would automatically end these proceedings.  In other words, while this Court has been striving to ensure that Plaintiff has a meaningful opportunity to litigate his viable claims (that is, if any such claims are present), this Court has absolutely no personal or business interest (or any other agenda), pursuant to which the Court

---

Plaintiff's sheer preference (or his uncontrollable urges) for production of voluminous incomprehensible documents cannot warrant alteration of the terms of the limited preclusion order.

would seek to force Plaintiff into litigating this
action if Plaintiff does not wish to do so;

ii.  Plaintiff's suggested interest in change of venue
is equally puzzling: indeed, it was Plaintiff
himself – rather than this Court – who selected
this District as the venue for the instant action
at the time when Plaintiff commenced this suit.
Moreover, since all Plaintiff's challenges stated
in his original complaint were unambiguously based
on the events that took place solely in New Jersey
(and on the acts conducted by individuals residing
and/or operating in New Jersey), this Court is not
aware of any statutory provision that might
warrant this Court's order transferring this
matter to another venue; and

iii. Plaintiff's next point (suggesting that he might
wish to appeal this Court's determinations to the
Court of Appeals while enjoying this Court's
extension of time to file his amended complaint)
is a legal non sequitur.  The Court's decisions,
which Plaintiff is seemingly contemplating to
appeal, were not, as far as this Court's
intentions were concerned, a final determination
resulting in withdrawal of this Court's

15

jurisdiction over this matter: indeed, that is why this Court continued stay of Plaintiff's previously stayed claims and, in addition, dismissed two lines of Plaintiff's claims without prejudice to allow Plaintiff an opportunity to amend his pleadings.  Therefore, for the purposes of the instant proceedings, Plaintiff's appellate application would be facially interlocutory.  See Hill v. City of Scranton, 411 F.3d 118, 124 (3d Cir. 2005) (a district court order that does not resolve all of a petitioner's claims in a given action is generally not immediately appealable unless the court certifies the order as a final judgment pursuant to Fed. R. Civ. P. 54(b)).  That being said, it is indeed Plaintiff's right to *decline* the opportunity to replead his claims that were dismissed by this Court without prejudice and – by the virtue of such election – transform this Court's orders into a final determination ripe for the purposes of appeal.  Cf. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 517 (3d Cir. 2007); see also Connecticut National Bank v. Fluor Corp., 808 F.2d 957 (2d Cir. 1987) (When a complaint is dismissed with the right to replead,

16

a plaintiff may decline to replead, accept an
adverse judgment dismissing the action, and on
appeal from the judgment secure review of the
ruling requiring repleading in light of the facts
that were pled).  However, Plaintiff *cannot* pursue
an appeal from the Court's orders transformed, as
a result of Plaintiff's own election, into a final
determination, while simultaneously treating this
matter as ongoing by obtaining extension of time
to submit his amended pleadings and by filing
Plaintiff's amended complaint.  See Venen v.
Sweet, 758 F.2d 117, 120 (3d Cir. 1985) ("filing
of a notice of appeal is an event of
jurisdictional significance, immediately
conferring jurisdiction on a Court of Appeals and
divesting a district court of its control over
those aspects of the case involved in the
appeal").  Simply put, Plaintiff cannot "hedge his
bets" by pursuing both his appeal and this action
at the same time while hoping to determine, at
some point in the future, whether his continuous
proceedings before this Court or his appeal from
this Court's decisions would yield him a more
beneficial result.  Rather, Plaintiff is obligated

to make an exclusive election by either continuing
with this action **or** by proceeding with his appeal.

d.   However, another set of considerations appears even
more troubling than Plaintiff's above-discussed
statements.

i.   Specifically, the Court is concerned with
Plaintiff's either uncontrollable inability or
conscious unwillingness to comply with the
judicial orders (and his refusal to accept
judicial determinations) entered in his legal
matters.[16]

ii.   In addition, this Court is gravely concerned with
Plaintiff's inability or outright unwillingness to
express his position in clear and simple English
regardless of him being called to do so by this
Court, Judge Brown and Judge Cavanaugh.  Indeed,
even a cursory examination of thousands of pages
filed by Plaintiff in this District indicates his

_____

[16]   The same was noted by Judge Brown in his <u>Telfair-GEB</u> Opinion. <u>See</u> <u>Telfair-GEB</u> Opinion (observing that Plaintiff kept ignoring Judge Cavanaugh's continuous directives to stop submitting Plaintiff's <u>pro</u> <u>se</u> applications in Plaintiff's represented criminal matter.  In addition, Judge Brown noted that "Telfair's disregard for the value of a judicial decision is particularly appalling in light of the fact that — with regard to [the case at bar] — a dismissal was entered by the Court of Appeals and then the Supreme Court of the United States had to deny Telfair's six virtually identical applications").

18

systemic unwillingness to resort to anything but an odd mix of misused legalese, butchered Latin terms and pointless generalities which – in turn – are garnished by irrelevant excerpts from legal digests and thickly peppered with misplaced square brackets, useless angled brackets, senselessly roaming quotation and parenthetical marks, flocks of alternative plurals in the form of the "(s)" composition which is glued, without rhyme or reason, to at least one noun in every second line he produces, and sporadic inserts of all other English language symbols.

e.  This Court's mandate is limited to resolution of legal disputes; indeed, federal judges are not equipped to act as forensic psychologists distilling the root of mental impulses that might drive the parties' litigation practices.  Cf. United States v. Kim, 313 F. Supp. 2d 295, 300 (S.D.N.Y. 2004) ("Conceding that the Court has no psychiatric expertise, the Court cannot possibly conclude [what] factors add up to a significantly reduced mental capacity [of the litigant]") (internal quotation marks omitted). However, it appears not implausible that Plaintiff, perhaps in response to a certain set of stimuli,

developed a belief that the success of one's legal
endeavors is directly proportionate to the one's
ability to produce overly-voluminous submissions filled
to the rim with legalese, Latin terminology and every
possible mark, sign and symbol English language has to
offer.  If so, this Court strongly urges Plaintiff to
revisit this belief since the judiciary – including the
judges in this Circuit, this District and this Court –
neither put form over substance nor are impressed by
dense/voluminous submissions void of substantive heft.
See, e.g., Figueroa v. JP Morgan Chase Bank, N.A., 2010
U.S. Dist. LEXIS 107918 (N.D. Ga. Oct. 7, 2010).
Indeed, misused legalese, misplaced Latin terms,
unwarranted excerpts from secondary sources and a
mishmash of signs and symbols greatly detract from --
rather than add to -- the value of any legal document.
Simply put, a pro se litigant is neither expected nor
could be penalized for submitting a short and clear
statement reduced to plain and simple English: rather,
such clear and pithy presentation makes the litigant's
submissions highly impelling.  Conversely, a pro se
litigant consistently refusing to state his claims in
plain and simple terms and submitting, instead, volumes
and volumes of pointless/incomprehensible quasi-legal

statements runs the risk of being deemed an abusive litigant requiring restrictions in order to protect the courts' operations.  By now, Plaintiff had an opportunity to experience the same firsthand: a limited order of preclusion has been entered against him in light of the thousands of pages (presenting both incomprehensible and duplicative material) he deposited on this District's dockets in spite of Judge Brown, Judge Cavanaugh and this Court's clear directives to cease such practices.  Now is Plaintiff's last opportunity to mend his ways: Plaintiff's failure to heed to this Court's good faith warning is likely to cause Plaintiff a conclusive adoption of the limited order of preclusion and even a potential amplification of the same in the future in the event Plaintiff persists at his current practices.

IT IS, therefore, on this _____ day of _____, 2011,

ORDERED that the Clerk shall reopen this matter, for the purposes of this Court's examination of Plaintiff's submission docketed in this matter as Docket Entry No. 76, by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Plaintiff's submission docketed in this matter as Docket Entry No. 76 is construed as Plaintiff's motion seeking

extension of time to file Plaintiff's amended complaint and Plaintiff's written statement in response to this Court's order to show cause why the terms of the limited preclusion order entered against Plaintiff shall be lifted or relaxed/altered with regard to the instant matter and with regard to Plaintiff's future non-emergent civil actions commenced in this District <u>pro se</u> and <u>in forma pauperis</u>; and it is further

ORDERED that Plaintiff's motion is granted to the extent that Plaintiff may submit his amended complaint no later that within **thirty days from the date of entry of these Memorandum Opinion and Order.** The format and content of such amended complaint should be in **strict compliance** with this Court's directives provided in the Court's opinion and order entered on June 23, 2011. Moreover, **the Court urges Plaintiff, in the strongest terms, to reduce his statements to plain and simple English and to avoid usage of any language, terminology or writing style in which Plaintiff lacks fluency or complete understanding;** and it is further

ORDERED that Plaintiff's motion is also granted to the extent that Plaintiff may submit his written statement in response to this Court's order to show cause no later that within **thirty days from the date of entry of these Memorandum Opinion and Order.** The format and content of such written statement should be in **strict compliance** with this Court's directives

provided in the Court's opinion and order entered on June 23, 2011.  Moreover, **the Court urges Plaintiff, in the strongest terms, to reduce his statements to plain and simple English and to avoid usage of any language, terminology or writing style in which Plaintiff lacks fluency or complete understanding**; and it is further

ORDERED that the limited preclusion order entered against Plaintiff in <u>Telfair et al. v. Office of the U.S. Attorney</u>, Civ. Action No. 10-2958 (GEB) (D.N.J.), is adopted as the law of this case for the period of **ninety days from the date of entry of these Memorandum Opinion and Order**, subject to automatic continuance in the event Plaintiff fails to show cause as to why the terms of this limited preclusion order shall be lifted or altered; and it is further

ORDERED that, in the event Plaintiff fails to file his amended complaint within the period allotted in these Memorandum Opinion and Order, all Plaintiff's claims – except for those expressly ordered stated in the Court's order of June 23, 2011, – shall be deemed dismissed with prejudice; and it is further

ORDERED that, in the event Plaintiff: (a) elects to stand on his complaint dismissed in this the Court's order of June 23, 2011; and (b) manifests such election by initiation of appellate proceedings as to this Court's findings, the part of these

Memorandum Opinion and Order granting Plaintiff leave to file amended complaint shall be deemed vacated, and **this Court's jurisdiction over this matter shall be deemed conclusively withdrawn**; and it is further

ORDERED that, in the event any statement made in Plaintiff's submission docketed as Docket Entry No. 76 was meant to operate as a request for change of venue, Plaintiff's request to that effect shall be deemed **denied with prejudice**, as facially frivolous; and it is further

ORDERED that, in the event any statement made in Plaintiff's submission docketed as Docket Entry No. 76 was meant to operate as a challenge to this Court's jurisdiction over this matter, Plaintiff's request to that effect shall be deemed **denied with prejudice**, as facially frivolous. **Plaintiff**, however, **may withdraw all his claims not dismissed with prejudice by filing a written statement to that effect**. Plaintiff need not provide any explanation for his decision to withdraw these claims; and it is further

ORDERED that **no further extensions of time will be granted to Plaintiff with regard to his filing of amended complaint and/or his filing of a written statement in response to this Court's order to show cause**; and it is further

24

ORDERED that, in the event Plaintiff submits in this matter any document other than his proper amended complaint or his proper written statement in response to this Court's order to show cause, **this Court will direct the Clerk to strike such submissions from the docket without reaching the merits of Plaintiff's challenges**; and it is further

ORDERED that the Clerk shall make a new and separate entry on the docket reading "CIVIL CASE ADMINISTRATIVELY TERMINATED, SUBJECT TO REOPENING IN THE EVENT PLAINTIFF TIMELY SUBMITS HIS AMENDED COMPLAINT AND/OR HIS RESPONSE TO THIS COURT'S ORDER TO SHOW CAUSE"; and it is further

ORDERED that the Clerk shall serve these Memorandum Opinion and Order upon Plaintiff by certified mail, return receipt requested; and it is finally

ORDERED that the Clerk shall docket these Memorandum Opinion and Order in <u>Telfair et al. v. Office of the U.S. Attorney</u>, Civ. Action No. 10-2958, accompanying that docket entry with the docket text reading "DOCKETED FOR INFORMATIONAL PURPOSES ONLY AS RELATED TO OTSC IN REGARD TO THE LIMITED ORDER OF PRECLUSION."

25

_____

___ s/William J. Martini _____

**William J. Martini,**
**United States District Judge**